JS-6

FILED: 4/1/15

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-1201-GHK (ASx) | Date | April 1, 2015 |
|---|---|---|---|
| Title | *Eagle Vista Equities, LLC v. Juan J Sanchez, et al.* | | |

| Presiding: The Honorable | GEORGE H. KING, CHIEF U. S. DISTRICT JUDGE | |
|---|---|---|
| Beatrice Herrera | N/A | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:** **(In Chambers) Order re:** Plaintiff's Motion to Remand [Dkt. 5]

This matter is before us on the above-captioned Motion. We have considered the papers filed in support of this Motion, and deem this matter appropriate for resolution without oral argument. L.R. 7-15. As the Parties are familiar with the facts, we will repeat them only as necessary. Accordingly, we rule as follows:

On February 19, 2015, pro se Defendant Juan J Sanchez ("Sanchez") removed the above-titled unlawful detainer action to this Court. Sanchez's Notice of Removal ("NOR") states that we have federal question jurisdiction[1] under the Protecting Tenants at Foreclosure Act ("PTFA"). 12 U.S.C. § 5220. [Dkt. 1.] On March 3, 2015, Plaintiff Eagle Vista Equities LLC moved to remand this action,[2] claiming that we lack subject matter jurisdiction. [Dkt. 5.] We agree.

We have original jurisdiction over all civil actions arising under the Constitution, laws, or treaties of the United States. *See* 28 U.S.C. § 1331. "In determining the presence or absence of federal jurisdiction, we apply the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *California ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2004) (quoting *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987)). Under the "well-pleaded complaint" rule, a plaintiff is considered the master of his complaint and may ignore a federal claim and assert only a state claim in order to defeat removal. *Sullivan v. First Affiliated Sec., Inc.*, 813 F.2d 1368, 1372 (9th Cir. 1987). "[T]he federal issue 'must be disclosed upon the face of the complaint, unaided by the answer or by the petition for removal.'" *Id.* at 838 (quoting *Gully v. First Nat'l Bank in Meridian*, 299 U.S. 109, 113 (1936)).

---

[1] We note that there is no diversity jurisdiction under 28 U.S.C. § 1332 because the amount in controversy in the underlying unlawful detainer action is less than $10,000, excluding interest and costs. (*See* NOR, Ex. 1.)

[2] Sanchez has not opposed this Motion.

FILED: 4/1/15

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-1201-GHK (ASx) | Date | April 1, 2015 |
|---|---|---|---|
| Title | *Eagle Vista Equities, LLC v. Juan J Sanchez, et al.* | | |

    Here, along with the NOR, Sanchez attached the state court Complaint. On its face, the Complaint alleges only a claim for unlawful detainer under California law. Therefore, it does not appear that this case presents a federal question. Sanchez, however, argues that the PTFA preempts state law with respect to the eviction of the bona fide residential tenants of foreclosed landlords, and therefore provides this Court with jurisdiction. (NOR at 2.) According to Sanchez, Plaintiff has merely "artfully pled" its unlawful detainer claim by "intentionally fail[ing] to allege compliance with the PTFA." (*Id.* at 3-4 (further arguing that it is impossible "to evict a bona fide residential tenant of a foreclosed Landlord" without stating a claim under the PTFA).)

    "[U]nder the artful pleading rule a plaintiff may not defeat removal by omitting to plead necessary federal questions in a complaint." *Arco Envtl. Remediation v. Dep't of Health & Envtl. Quality of Mont.*, 213 F.3d 1108, 1114 (9th Cir. 2000) (internal quotation marks omitted). "Since its first articulation . . . courts have used the artful pleading doctrine in: (1) complete preemption cases and (2) substantial federal question cases." *Lippit v. Raymond James Fin. Servs., Inc.*, 340 F.3d 1033, 1041 (9th Cir. 2003) (citations omitted). Sanchez has provided no authority that the PTFA is a recognized area of complete preemption, nor has he made a compelling argument that the PTFA completely preempts state-law unlawful detainer cases.

    Moreover, this case does not appear to contain claims presenting a substantial federal question that would give this court federal question jurisdiction. "If a complaint asserts only state-law claims, a federal court may still have federal question jurisdiction over the dispute if 'some substantial, disputed question of federal law is a necessary element of one of the well-pleaded state claims.'" *Fed. Nat'l Mortg. Assoc. v. Hammond*, 2011 U.S. Dist LEXIS 67321, at *6 (C.D. Cal. June 22, 2011) (citing *Rains v. Criterion Sys. Inc.*, 80 F.3d 339, 345 (9th Cir. 1996)). As applied here, California law does not make compliance with the PTFA a necessary element of an unlawful detainer claim, which is "a true state law claim." *See Homesales, Inc. v. Frierson*, 2009 WL 365663, at *2 n.8 (C.D. Cal. Feb. 11, 2009). Instead, non-compliance with the PTFA may at best serve as a defense to an unlawful detainer claim. A federal defense does not support federal question jurisdiction. *Franchise Tax Bd. v. Const. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 14 (1983). Numerous federal courts, considering the same issue present here, have declined jurisdiction over unlawful detainer actions that defendants have attempted to remove based upon the PTFA. *See, e.g.*, *Fed. Nat'l Mortg. Ass'n v. Thomere*, 2012 WL 6115880, at *2 (C.D. Cal. Dec. 7, 2012) ("[R]emoval jurisdiction is lacking, even though Defendants intend to assert a defense based on federal law—specifically 12 U.S.C. § 5220."); *Deutsche Bank Nat'l Trust Co. v. Eaddy*, 2012 WL 4173987, at *1 (N.D. Cal. Sept. 18, 2012) ("The PTFA is intended to be used for protection in state court but does not create a private right of action or a basis for federal subject matter jurisdiction."); *Colfin AI-CA LLC v. Williams*, 2014 WL 585427, at *2 (C.D. Cal. Feb. 13, 2014) (listing cases and stating that "arguments regarding removal of an unlawful detainer action under the PTFA have been considered and rejected by numerous courts in this circuit").

    In light of the foregoing discussion, Plaintiff's Motion is **GRANTED**. This case is **REMANDED** to the court from which it was removed.

FILED: 4/1/15

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-1201-GHK (ASx) | Date | April 1, 2015 |
|---|---|---|---|
| Title | *Eagle Vista Equities, LLC v. Juan J Sanchez, et al.* | | |

**IT IS SO ORDERED.**

|  | -- | : | -- |
|---|---|---|---|
| | Initials of Deputy Clerk | | DG for Bea |